HIN HOA TANUWIDJAJA; Wen Hwa Gouw, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74440.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Hin Hoa Tanuwidjaja, and her husband, Wen Hwa Gouw, are natives and citizens of Indonesia. They petition for review of a decision of the Board of Immigration Appeals ("BIA") that affirmed without opinion an Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we deny in part, grant in part, and remand.

Substantial evidence supports the IJ's finding that the harm Tanuwidjaja suffered did not rise to the level of past persecution and that the harm was not committed by forces the government was either unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005).

Substantial evidence also supports the IJ's finding that even assuming past persecution, the government rebutted the presumption of a well-founded fear of future persecution because the IJ did an individualized analysis of changed country conditions in Indonesia. *See Gonzalez–Hernandez*, 336 F.3d at 999–1000. Moreover, Tanuwidjaja failed to demonstrate the requisite level of individualized risk to establish a well-founded fear of persecution as a member of a disfavored group. *See Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004).

Because Tanuwidjaja failed to demonstrate that she was eligible for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's denial of CAT relief because Tanuwidjaja did not show that it was more likely than not that she would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and RE-MANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.